## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LICKING VALLEY OIL, INC.,

      **Plaintiff,**

          v.

TRIGON IMAGING SYSTEMS, INC.,

      **Defendant.**

Case No. 1:25-cv-359

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

Defendant Trigon Imaging Systems, Inc., moves for summary judgment in this contract dispute. Because Plaintiff Licking Valley Oil, Inc. (LVO), fails to identify any evidence that creates a genuine dispute of material fact necessitating submission to a jury, the Court **GRANTS** Trigon's Motion for Summary Judgment (Doc. 17).

## BACKGROUND

The facts here are easy. In December 2023, LVO purchased an "EFI Pro 30F printer" from Trigon, a party with whom LVO has dealt for some twenty years. (Doc. 1-1, #6). The purchase, which was allegedly undertaken at the suggestion of Trigon's head technician, was reduced to a "Master Equipment Purchase and Security Agreement." (*Id.*).

Problems arose with the printer no sooner than the ink on the contract was dry. From the beginning, LVO says that the printer has "failed to print projects correctly." (*Id.*). Since then, the printer's "numerous and continuous" problems have not abated, despite both parties' best efforts at maintenance and repair. (*Id.*). LVO

says that the printer "has not operated as [Trigon] said it would." (*Id.*). As a result, LVO has had "to turn business away" "to [its] extreme detriment." (*Id.* at #6–7).

Seeking redress, LVO sued in the Pendleton Circuit Court in Kentucky, alleging breach of contract, fraud, unjust enrichment, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and negligent misrepresentation. (*Id.* at #7–11). Trigon then removed the case to the Eastern District of Kentucky, invoking that court's diversity jurisdiction. (*See* Doc. 1). Not long thereafter, the Eastern District of Kentucky granted Trigon's Motion to Change Venue (Doc. 8), which brought the case to this Court. (*See* Doc. 11).

Trigon has now moved for summary judgment. (Doc. 17). In support, Trigon explains that LVO's contract and implied warranty claims fail as a matter of law because (1) the contract makes no representation whatsoever as to the "functioning of the [p]rinter," and (2) in the contract, "Trigon disclaims all conditions and warranties whether express or implied by statute or custom of the trade or otherwise, whether as to quality, condition, performance, merchantability, fitness for any purpose or otherwise." (*Id.* at #24 (quoting (Doc. 1, #13)). Trigon also says that the existence of an express contract precludes LVO's unjust enrichment claim. (*Id.* at #25). And it says that the fraud and negligent misrepresentation claims fail because LVO identifies no false statement, and because Ohio's economic loss doctrine bars the fraud claim. (*Id.* at #26–28).

LVO has responded. (Doc. 21). There, it argues that Trigon made certain representations to LVO that formed the "basis of the parties' bargain." (*Id.* at #56).

2

For that reason, LVO says that Ohio Revised Code § 1302.29 renders Trigon's broad warranty disclaimer ineffective. (*Id.* at #57). That section provides that "[w]ords or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit [a] warranty shall be construed whenever reasonable as consistent with each other." Ohio Rev. Code. § 1302.29. But "negation or limitation is inoperative to the extent that such construction is unreasonable." *Id.* LVO contends that the statutory provision was "designed principally to deal with those frequent clauses in sales contracts [like the one here] which seek to exclude all warranties express or implied." (Doc. 21, #57 (citation omitted)). That is, the provision "seeks to protect a buyer from unexpected and unbargained language of [a] disclaimer by denying effect to such language when inconsistent with [the] language of [an] express warranty and permitting the exclusion of implied warranties only by conspicuous language or other circumstances which protect a buyer from surprise." (*Id.* (citation omitted)). Thus, on LVO's telling, it can rely on Trigon's representations, disclaimer notwithstanding.

As for Trigon's argument that the parties' express contract precludes LVO's unjust enrichment claim, LVO argues that, should it succeed on its fraud claim, one remedy could be to invalidate the contract, in which case the unjust enrichment claim could go forward. (*Id.* at #58). And LVO further argues that the fraud claim should proceed because it successfully identifies fraudulent misrepresentations. (*Id.* at #59–61). Finally, LVO contends that its negligent misrepresentation claim should proceed because it is based on duties that are "distinct" from those in the parties' contract. (*Id.* at #62).

3

Trigon counters with a powerful rejoinder—namely, that Ohio Revised Code § 1302.29 is "subject to" the Code's provisions on "parol or extrinsic evidence," (Doc. 22, #71 (quoting Ohio Rev. Code § 1302.29(A))), which Trigon says bars the Court from considering any alleged statement external to the contract under the contract's merger provisions, (see id. at #71–72). Additionally, Trigon says that LVO has failed to come forth with any evidence of fraud, which, it says, dooms LVO's fraud and unjust enrichment claims. (See id. at #74–76). Finally, it reiterates that LVO's negligent misrepresentation claim fails as a matter of law because, among other reasons, LVO has identified no negligent misrepresentation. (Id. at #76).

Before pressing on with analysis, one more thing bears mention given the stage of these proceedings. Along with its Motion for Summary Judgment, Trigon attaches an affidavit from Granden Griswold, a "shareholder and agent" of Trigon. (Doc. 17-1, #30). Griswold declares that he has "personal knowledge of the facts and circumstances surrounding" the transaction at issue by virtue of his position at Trigon. (Id.). Consistent with that, he avers that, at the December 2023 sale of the printer, "Trigon made no representations or warranties in connection with the sale." (Id.). Curiously, LVO has not tendered any responsive affidavit. Indeed, LVO attaches no evidence to its Response at all. Rather, LVO cites only "the Complaint, the Contract, the Motion for Summary Judgment, and [Griswold's] Declaration accompanying the Motion for Summary Judgment." (Doc. 22, #69). As a result, Griswold's affidavit stands uncontested.

With the benefit of LVO's Response (Doc. 21) and Trigon's Reply (Doc. 22), the matter is ripe for review.

### LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir. 1994). Once the movant meets its burden, the nonmoving party may not rest on its pleadings, but rather must come forward with significant probative evidence to support its claim. *Celotex,* 477 U.S. at 324; *Lansing Dairy,* 39 F.3d at 1347. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986)).

This Court does not have the responsibility to sua sponte search the record for evidence creating a genuine issue of material fact. *Betkerur v. Aultman Hosp. Ass'n,* 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Twp. Trs.,* 980 F.2d 399, 404–06 (6th Cir. 1992). That burden instead falls upon the nonmoving party to "set forth specific facts" or evidence in dispute. *Anderson,* 477 U.S. at 250 (quotation omitted). If the nonmoving party fails to make the necessary showing for an element

5

upon which it bears the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

In sum, in light of all the facts as to which Trigon shows a lack of dispute, LVO must in turn present some remaining "sufficient disagreement" which would necessitate submitting the matter to a jury. *See Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251–52). That said, in making that determination, the Court must view the evidence in the light most favorable to the nonmoving party—LVO. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) ("In arriving at a resolution, the court must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party.").

## LAW AND ANALYSIS

**A.  Trigon is Entitled to Summary Judgment on LVO's Breach of Contract and Breach of Warranty Claims.**

**1.  Ohio's Version of the Uniform Commercial Code (UCC) Controls the Contract.**

First, some preliminaries. The parties agree, and the contract provides, that Ohio law controls the agreement. (*See* Doc. 1-1, #14; Doc. 17, #22; Doc. 21, #56). And so it does. *See Masco Corp. v. Wojcik*, 795 F. App'x 424, 427 (6th Cir. 2019) (citation omitted) ("[Courts] regularly rely on the litigants' agreement about the governing law (or, more often, on one litigant's failure to dispute the issue) to avoid deciding what could be knotty choice-of-law questions."). More narrowly, because this is a contract for the sale of goods, Ohio's version of the UCC, Ohio Revised Code § 1303.01, et seq.,

6

applies. *See Tubelite Co. v. Original Sign Studio*, 891 N.E.2d 820, 824 (Ohio Ct. App. 2008).

> **2.    There is No Genuine Dispute that Trigon Did Not Extend to LVO an Express Warranty, Which Forecloses LVO's "Breach of Contract" Claim.**

A second preliminary point is that, on the record here, there is no genuine dispute that Trigon did not offer LVO an express warranty orally, despite LVO's claims to the contrary. In his affidavit, Griswold expressly asserts that Trigon did not make any "representations or warranties in connection with the sale of the printer." (Doc. 17-1, #30). And, because LVO has failed to support its Response with any *evidence*—the company points only to its Complaint (which is not evidence at this point), (*see* Doc. 21, #56 (citing Doc. 1-1, #6))—Griswold's testimony stands uncontested. Accordingly, there is no genuine dispute that the parties' agreement did not include an express warranty.

Importantly, this means that essentially all of LVO's argument as to the contract, and the warranty claims under it, can be safely set aside, as that argument is premised in its entirety on the assumption that LVO has created a genuine dispute of material fact regarding the existence of such a warranty. (Doc. 21, #56–58).

In fairness, though, even if LVO had contested that evidence, it is unlikely that it would have changed the outcome. That is because, as Trigon also observes, Ohio Revised Code § 1302.29 is subject to the parol evidence rule. *See* Ohio Rev. Code § 1302.29 ("[S]ubject to the provisions of section 1302.05 of the Revised Code on parol or extrinsic evidence, negation or limitation is inoperative to the extent that such

construction is unreasonable."); *id.* § 1302.05 (providing that a "final expression" of the parties' agreement "may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented"). In other words, "express warranties may be added by proof of oral warranties," but only "so long as the writing is not itself a complete integration of the agreement." *Price Bros. Co. v. Philadelphia Gear Corp.*, 649 F.2d 416, 422 (6th Cir. 1981) (citing *Centennial Ins. Co. v. Vic Tanny Int'l*, 346 N.E.2d 330, 336–37 (Ohio 1975) (discussing the pertinent Ohio UCC provisions and reaching the conclusion that there was a genuine dispute as to express, oral warranties where the written agreement lacked both a warranty disclaimer and a merger clause)). Here, the parties' contract contains merger provisions. (*See* Doc. 1-1, #14). That gives rise to the "strongest" "presumption" that the agreement "constitutes the parties' complete and final understanding regarding its subject matter," a presumption that here goes unrebutted; indeed Griswold's testimony confirms it, at least as to any oral express warranties. *Fontbank, Inc. v. CompuServe, Inc.*, 742 N.E.2d 674, 679–80 (Ohio Ct. App. 2000). Accordingly, the contract's express terms control the contract's reach. And those terms disclaim any express warranties regarding the "physical properties of the [printer]." (Doc. 1-1, #13).

In short, LVO fails to create a genuine dispute of material fact as to whether Trigon orally extended an express warranty to LVO. And even if LVO had created a dispute on that issue, the argument likely would still fail because the provision on

which LVO relies for that argument is subject to the parol evidence rule, which here effects a limitation of the contract to its express, warranty-disclaiming terms.[1]

> **3.      Trigon Has Validly Disclaimed the Implied Warranties of Fitness and Merchantability.**

With the express warranty issue decided, the Court can turn its focus to Trigon's main arguments: that it validly disclaimed the implied warranties of fitness and merchantability, and that it made no actionable representations as to the printer's condition in the contract. (*See* Doc. 17, #22–25). The Court agrees on both fronts.

"[B]oth the implied warranties of merchantability and of fitness may be excluded or modified, if the exclusion or modification meets the criteria set forth in" Ohio Revised Code § 1302.29(B). *Chemtrol Adhesives v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 638 (Ohio 1989). To disclaim the implied warranty of merchantability, "the language must mention merchantability and in the case of a writing must be conspicuous." Ohio Rev. Code § 1302.29(B). Similarly, the "implied warranty of fitness" may be excluded by a "conspicuous" "writing." *Id.* The contractual language

---

[1] As the Court understands LVO's Complaint, this result is fatal to LVO's "breach of contract" claim. There, LVO explains that it purchased the printer "with the understanding that it would function as represented in the Agreement." (Doc. 1-1, #7). But the written contract makes no representation as to the printer's physical condition, so this can only be understood as a reference to representations made outside the written agreement. In other words, what LVO styles as a "breach of contract" claim is, more narrowly, an express warranty claim predicated on alleged oral statements (which, of course, sounds in contract). LVO's briefing confirms this impression. (*See* Doc. 21, #56 ("Defendant is not entitled to summary judgment on the claims of breach of contract and implied warranties because, for the purposes of this motion, express warranties were provided by the Defendant.")). Thus, the conclusion that there is no genuine dispute of material fact as to whether Trigon made representations outside the written agreement dooms the claim. So too does the conclusion that any such representations are inoperative under the parol evidence rule.

here easily satisfies these requirements. It provides that "seller hereby disclaims all conditions and warranties whether express or implied," and specifically includes "merchantability" and "fitness for any purpose." (Doc. 1-1, #13). And "the fact that the exclusion is in capital letters under the heading ["Disclaimer of Warranties"], while the bulk of the contract is in regular type, compels [the] conclusion that the exclusion is conspicuous." *Chemtrol Adhesives*, 537 N.E.2d at 639. Thus, LVO's implied warranty claims fail.

Separately, to the extent that LVO is seeking to recover based on alleged "representations" other than express or implied warranties, that claim fails, as well. Griswold avers that Trigon made no oral representations, and LVO fails to dispute that. Nor does LVO point to any representations in the Agreement that the printer failed to meet. Absent at least *some* evidence of one or the other, it cannot prevail on a claim that Trigon breached some non-warranty "representation."

In short, whether couched in terms of warranties (whether express or implied) or representations, LVO has failed to identify a genuine dispute of material fact as to whether Trigon breached a contractual obligation.

**B.** **Trigon is Entitled to Summary Judgment on LVO's Fraud and Negligent Misrepresentation Claims Because There is No Genuine Dispute as to Whether Trigon Made a False Representation to LVO.**

Next up are LVO's fraud and negligent misrepresentation claims. They, too, fail. Each requires some kind of false representation on the defendant's part. *See MedChoice Fin., LLC v. ADS All. Data Sys.*, 857 F. Supp. 2d 665, 670 (S.D. Ohio 2012) (citation omitted) (fraud); *Delman v. Cleveland Heights*, 534 N.E.2d 835, 838 (Ohio

10

1989) (negligent misrepresentation). At the risk of undue repetition: (1) the contract itself contains no such representation, and (2) Griswold's uncontested affidavit settles that outside the written contract, "Trigon made no representations or warranties in connection with the sale of the printer." (Doc. 17-1, #30). In light of that, no genuine dispute of material fact remains, and summary judgment is appropriate.

C.     **Trigon is Entitled to Summary Judgment on LVO's Unjust Enrichment Claim Because the Parties' Express Contract Precludes the Claim.**

Finally, Trigon is entitled to summary judgment on LVO's unjust enrichment claim. As LVO concedes, (*see* Doc. 21, #58), unjust enrichment, an equitable, quasi-contractual doctrine, "cannot apply when an express contract exists." *Bickham v. Standley*, 917 N.E.2d 330, 335 (Ohio Ct. App. 2009) (citations omitted). And the argument that LVO offers to avoid this conclusion—that its fraud claim creates a genuine dispute as to the contract's validity, (*see* Doc. 21, #58)—fails because, as discussed, the fraud claim does no such thing. Accordingly, summary judgment is appropriate on this claim as well.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Trigon's Motion for Summary Judgment (Doc. 17). Consistent with that, the Court **DIRECTS** the Clerk to enter judgment for Defendant and to **TERMINATE** this matter on the Court's docket.[2]

---

[2] Trigon's Motion to Strike Jury Demand (Doc. 16) is **DENIED** as moot.

11

**SO ORDERED.**

February 13, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**